BRADLEY R. BOWLES (#202722)
ETHAN K. FRIEDMAN (#208584)
BOWLES & VERNA LLP
2121 N. California Boulevard, Suite 875
Walnut Creek, California  94596
Telephone:  (925) 935-3300
Facsimile:  (925) 935-0371
Email:  bbowles@bowlesverna.com
Email:  efriedman@bowlesverna.com

Attorneys for Plaintiff
LAND HOME FINANCIAL SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LAND HOME FINANCIAL SERVICES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DBI COINVESTOR FUND VIII, LLC, a Delaware limited liability company; DREAMBUILDER INVESTMENTS, LLC, a New York limited liability company; PETER ANDREWS, an individual; GREGORY PALMER, an individual, ROBERT KNOHL, an individual, and DOES 1 through 25, inclusive<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY JUDGMENT, ACCOUNTING, BREACH OF FIDUCIARY DUTY, RESCISSION, FRAUDULENT INDUCEMENT, AND CONSTRUCTIVE TRUST**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Land Home Financial Services, Inc. ("LAND HOME") complains of Defendants herein as follows:

## THE PARTIES

1. Plaintiff LAND HOME is, and at all times herein mentioned herein, was a California corporation with its principal place of business in the County of Contra Costa, State of California.

2. LAND HOME is informed and believes, and thereon alleges, that defendant DBI COINVESTOR FUND VIII, LLC ("DBI VIII") is, and at all times mentioned herein was, a limited liability company formed under the laws of the State of Delaware.

3.      LAND HOME is informed and believes, and thereon alleges, that defendant DREAMBUILDER INVESTMENTS, LLC ("DBI LLC") is, and at all times mentioned herein was, a limited liability company formed under the laws of the State of New York.

4.      LAND HOME is informed and believes, and thereon alleges, that defendant PETER ANDREWS ("ANDREWS") is, and at all times mentioned herein was, an individual residing in the State of New York.

5.      LAND HOME is informed and believes, and thereon alleges, that defendant GREGORY PALMER ("PALMER") is, and at all times mentioned herein was, an individual residing in the State of New York.

6.      DBI VIII, DBI LLC, ANDREWS and PALMER are hereinafter referred to collectively as the "DBI DEFENDANTS."

7.      LAND HOME is informed and believes, and thereon alleges, that defendant ROBERT KNOHL is, and at all times mentioned herein was, an individual residing in, and doing business throughout the State of California, as an authorized agent and representative of the DBI DEFENDANTS ("KNOHL").

8.      Plaintiff is ignorant of the true names and capacities of Defendant DOES 1 through 25 inclusive, and therefore sues these defendants by such fictitious names.

## SUBJECT MATTER JURISDICTION

9.      The jurisdiction of this court over the subject matter of this action is predicated on 28 U.S.C. § 1332(a) in that this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

## VENUE

10.      Pursuant to 28 USCA §1391(b)(2), venue is proper in this district and division because this is the district where a substantial part of the events or omissions giving rise to the claim occurred, and is also where a substantial part of the performance of the contract took place.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.      LAND HOME is engaged in the business of making, brokering and servicing residential home loans.

12.     LAND HOME is informed and believes, and thereon alleges, that DBI LLC is a private equity investment fund that purchases, services and liquidates defaulted residential mortgages nationwide, including California, with subsidiary coinvestment funds, such as DBI VIII.

13.     LAND HOME is informed and believes, and thereon alleges, that the members of DBI VIII and DBI LLC are, and at all times mentioned herein were, ANDREWS and PALMER.

14.     LAND HOME is informed and believes, and thereon alleges, that ANDREWS owns, and at all times mentioned herein owned, an 80% interest in both DBI VIII and DBI LLC.

15.     LAND HOME is informed and believes, and thereon alleges, that PALMER owns, and at all times mentioned herein owned, a 20% interest in both DBI VIII and DBI LLC.

16.     LAND HOME is informed and believes, and thereon alleges, that all operational realities of DBI VIII are and were controlled by DBI LLC, and that DBI LLC is a parent company that makes discrete investments through coinvestment funds, including but not limited to, DBI VIII.

17.     LAND HOME is informed and believes, and thereon alleges, (a) that defendants DBI VIII, DBI LLC, ANDREWS, and PALMER are, and at all relevant times herein mentioned were, the alter egos of each other; (b) that DBI VIII is a mere shell company and part of the DBI DEFENDANTS' enterprise through which ANDREWS and PALMER, as the majority owners, affiliates, officers and managers of said companies, carried on their business in the company name, exercising complete control and dominance of the day-to-day management and failing to maintain separation of the entities from each other and the individuals to such an extent that there was a unity of interest and ownership, and any individuality or separateness of the DBI DEFENDANTS does not, and at all times herein mentioned did not, exist; and (c) that adherence to the fiction of the separate existence of defendants DBI VIII and DBI LLC, as entities distinct from each other and defendants ANDREWS and PALMER would yield an inequitable result, would permit an abuse of corporate and limited liability company privileges, and would promote injustice and sanction fraud.

18.     LAND HOME is informed and believes, and thereon alleges, that all servicing efforts for DBI VIII are performed by DBI.

19.     LAND HOME is informed and believes, and thereon alleges, that DBI VIII has no employees.

20.     LAND HOME is informed and believes, and thereon alleges, that ANDREWS and PALMER direct mortgage servicers who are managed by DBI VIII, and that ANDREWS and PALMER, as principals of both DBI VIII and DBI LLC, direct and control all the activities of DBI VIII.

21.     In or about December 2013, DBI VIII was in the process of investing in the acquisition of a pool of 2,573 Non-Performing Loans identified as DBO-18887 (the "NPLs").

22.     The NPLs included loans secured by real property all across the United States, including hundreds located throughout California, and more than 90 which were secured by real property located in the Northern District of California.

23.     The net purchase price for the NPL's was $5,558,021.50.

24.     DBI VIII invested 20% of the purchase price of the NPLs or $1,111,604.30.

25.     LAND HOME is informed and believes, and thereon alleges, that at or around this same time, the DBI DEFENDANTS had entered into an agreement with KNOHL to refer note buyers and possible investors to the DBI DEFENDANTS.

26.     During the course of this work that KNOHL was retained to do for the DBI DEFENDANTS, KNOHL travelled to LAND HOME's corporate office in Concord, California for the purpose of soliciting an investment by LAND HOME in the NPLs.  KNOHL, ANDREWS and PALMER also emailed and engaged LAND HOME, a California corporation, during the course of the DBI DEFENDANTS' solicitation of LAND HOME's $250,000 investment.

27.     On or about December 4, 2013, LAND HOME and DBI VIII entered into that certain Assignment Agreement whereby LAND HOME made an investment of $250,000 towards DBI VIII's purchase of a 20% interest in the NPLs in exchange for a 4.5% interest in the NPLs (the "Assignment"). Put simply, the Assignment entitles LAND HOME to 4.5% of the distributions earned on the sale or resolution of each of the NPLs.  A true and correct copy of the Assignment, performed by LAND HOME in Concord, California, is attached hereto and incorporated herein by this reference as "Exhibit A."

28.     On or about January 21, 2014, PALMER emailed ANDREWS, KNOHL, LAND HOME and others the following message (which is redacted here to protect private account information):

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

*All, Below are DBI's wiring instructions for LH's $250k investment.  Regards, Greg*

| Bank | Bank of America |
|---|---|
| Bank Location | New York, LLC |
| ABA Routing # | ********* |
| Account Name | Dreambuilder Investments, LLC |
| Account # | ************* |

29.     Thereafter, LAND HOME wired the $250,000 to DBI LLC with the preceding wire instructions.

30.     LAND HOME is informed and believes and on that basis alleges that the DBI DEFENDANTS have made significant profit and received significant distributions from the sale or resolution of the NPLs, and that they directed the servicing of all the NPLs in each state where secured property was located, including but not limited to the State of California.

31.     During a meeting between LAND HOME, the DBI DEFENDANTS, and others, in or about September 2014 in Orange County, California, the DBI DEFENDANTS represented that they never had any intention of paying LAND HOME its full 4.5% distribution under the Assignment.

## **FIRST CAUSE OF ACTION**

(Breach of Contract – against DBI LLC and DBI VIII)

32.     Plaintiff LAND HOME realleges and incorporates by reference paragraphs 1 through 31, above.

33.     In or about August 2015, the DBI DEFENDANTS informed LAND HOME that they would no longer be remitting distributions to LAND HOME owed under the Assignment.

34.     Except as prevented by the DBI DEFENDANTS, LAND HOME has performed all covenants and promises required on its part to be performed in accordance with the terms and conditions of the Assignment.  Those which have not been performed by LAND HOME were prevented, excused, not yet come due, or have been waived.

35.     DBI VIII, the DBI DEFENDANTS and each of them, breached the Assignment by failing to perform, without excuse, their obligations thereunder, including but not limited to, honoring its promise to pay LAND HOME 4.5% of the distributions from the sale or resolution of the NPLs.

36.     As a direct and proximate result of the DBI DEFENDANTS's breach of the Assignment, LAND HOME has been damaged in amount to proven at trial, but no less than $75,000.

WHEREFORE, LAND HOME prays for judgment as fully set forth below;

## SECOND CAUSE OF ACTION

### (Declaratory Judgment - against DBI DEFENDANTS)

37.     Plaintiff LAND HOME realleges and incorporates by reference paragraphs 1 through 36, above.

38.     An actual and substantial controversy exists between LAND HOME and the DBI DEFENDANTS as to their respective legal right and duties under the Assignment.  LAND HOME contends that it is entitled to be paid its 4.5% distribution under the Assignment, and the DBI DEFENDANTS disagree.

39.     This case is presently justiciable since LAND HOME will continue to be harmed by the DBI DEFENDANTS' refusal to pay LAND HOME its 4.5% distribution.

40.     A judicial determination of the rights and responsibilities arising from this actual controversy is necessary and appropriate at this time.

WHEREFORE, LAND HOME prays for judgment as fully set forth below;

## THIRD CAUSE OF ACTION

### (Accounting - against DBI DEFENDANTS)

41.     Plaintiff LAND HOME realleges and incorporates by reference paragraphs 1 through 40, above.

42.     Upon receiving distributions from the sale or resolution of the NPLs, the DBI DEFENDANTS, and each of them, was required to pay and distribute to LAND HOME 4.5% of the proceeds received from the sale or resolution of the NPLs, and has refused to do so.

43.     LAND HOME is informed and believes and thereon alleges that the DBI DEFENDANTS have earned a significant and substantial profit from the sale or resolution of the NPLs.

44.     Despite multiple requests, DBI DEFENDANTS have refused and continue to refuse to provide to LAND HOME information demonstrating the full amount of profit earned by the DBI

1  DEFENDANTS from the sale or resolution of the NPLs, nor information demonstrating the amount of

2  LAND HOME's 4.5% distribution under the Assignment.

3      45.   The amount of money due from DBI DEFENDANTS to LAND HOME is unknown to

4  LAND HOME and cannot be ascertained without an account of the proceeds and profits earned by the

5  DBI DEFENDANTS from the sale or resolution of the NPLs.

6      46.   LAND HOME has demanded, and continues to demand, that DBI DEFENDANTS

7  account for the aforementioned sale or resolution of the NPLs and to pay the amount found to be due to

8  LAND HOME, but the DBI DEFENDANTS have failed and refused, and continue to fail and refuse, to

9  render the accounting and pay LAND HOME.

10      WHEREFORE, LAND HOME prays for judgment as fully set forth below;

11                    **FOURTH CAUSE OF ACTION**

12                 (Breach of Fiduciary Duty- against DBI DEFENDANTS)

13      47.   Plaintiff LAND HOME realleges and incorporates by reference paragraphs 1 through 46,

14  above.

15      48.   Because of DBI DEFENDANTS' position as assignor and being responsible for the sale,

16  liquidation and/or resolution of the NPLs, DBI DEFENDANTS, and each of them, owed to LAND

17  HOME, as assignee, duties of utmost care, honesty, integrity and loyalty, to act in good faith, with

18  fairness, diligence, prudence and competence with respect to the calculation of profits earned and in the

19  distribution to LAND HOME of its 4.5% interest in those profits.

20      49.   The DBI DEFENDANTS breached their fiduciary duties to LAND HOME by actions

21  including but not limited to the following:

22          a.    Failing to properly account for the profits earned from the sale, liquidation and/or

23  resolution of the NPLs;

24          b.    Failing to pay LAND HOME its 4.5% share of the distributions and profits from

25  the sale, liquidation and/or resolution of the NPLs; and

26          c.    Putting DBI DEFENDANTS' interest ahead of LAND HOME's interest and

27  dismissing its obligations and duties to LAND HOME under the Assignment.

28

50.     As a direct and proximate result of DBI DEFNDANTS' breach of their fiduciary duties to LAND HOME, LAND HOME has been damaged in excess of the jurisdictional limit of this Court. The exact amount of LAND HOME's damages is not presently known.  The aforementioned acts of DBI DEFENDANTS were and are oppressive, malicious, and done with conscious disregard of LAND HOME's rights.   LAND HOME is therefore entitled to punitive damages in an amount according to proof.

WHEREFORE, LAND HOME prays for judgment as fully set forth below;

### FIFTH CAUSE OF ACTION

(Rescission – against DBI LLC and DBI VIII)

51.     Plaintiff LAND HOME realleges and incorporates by reference paragraphs 1 through 50, above.

52.     The DBI DEFENDANTS, with intent to deceive LAND HOME and to induce it to enter into the Assignment, failed to disclose that it would not be making payments to LAND HOME, which, if disclosed to LAND HOME, would have caused it to decide against entering into the Assignment.

53.     Under the terms of the Assignment, LANDHOME has fully performed all conditions, covenants, terms and obligations required of it by the Assignment, namely the payment of the $250,000 investment.  Any performance which LAND HOME has not rendered has been excused, waived, is not yet due or is unenforceable as a matter of law.

54.     Based on the omissions and misrepresentations of the DBI DEFENDANTS and their intent not to pay LAND HOME its rightful distribution under the Assignment in order to induce LAND HOME to enter into the Assignment, LAND HOME hereby rescinds the Assignment and demands repayment in full of its $250,000.00.

WHEREFORE, LAND HOME prays for judgment as fully set forth below;

### SIXTH CAUSE OF ACTION

(Fraudulent Inducement – against DBI DEFENDANTS and KNOHL)

55.     Plaintiff LAND HOME realleges and incorporates by reference paragraphs 1 through 54, above.

56.     In failing to disclose that there was no intent to pay LAND HOME it's 4.5% of distributions when the NPLs were sold or liquidated  prior to entering into the Assignment, Defendants and each of them, induced LAND HOME to invest monies into a money raising scheme that was never intended to provide any return on investment to LAND HOME.

57.     LAND HOME relied on the misrepresentation of a return on investment used by Defendants as inducements to enter the Assignment.  LAND HOME is informed and believes, and thereon alleges, that Defendants, and each of them, knew at the time of soliciting LAND HOME's investment, and entering into the Assignment, that the DBI DEFENDANTS had no intention of performing under the Assignment.

58.     The Defendants, and each of them, committed fraud in the inducement requiring rescission of the Assignment and restitution of all money paid, and the imposition of a constructive trust on Defendants, and each of them, for the benefit of LAND HOME in the amount of $250,000.00 plus attorney's fees, costs and prejudgment interest thereon at the maximum legal rate.

59.     The aforementioned conduct of Defendants was willful and malicious in that they knew that their promise to pay LAND HOME its 4.5% was false and LAND HOME is informed and believes that they have engaged in a pattern and practice of such misrepresentations multiple times under different entities.  LAND HOME is therefore entitled to punitive damages.

WHEREFORE, LAND HOME prays for judgment as fully set forth below;

## SEVENTH CAUSE OF ACTION

(Constructive Trust – against DBI DEFENDANTS and KNOHL)

60.     Plaintiff LAND HOME realleges and incorporates by reference paragraphs 1 through 59, above.

61.     By virtue of their misrepresentation in inducing LAND HOME to invest the $250,000 and to enter into the Assignment, as alleged above, Defendants and each of them, have unlawfully received $250,000.00 from LAND HOME, and have retained LAND HOME's 4.5% of sold or liquidated NPLs.  Consequently, Defendants hold the funds described above in constructive trust and as constructive trustees for LAND HOME's benefit.

62.     Additionally, Defendants, and each of them, have failed and refused to return the funds fraudulently received by them.

WHEREFORE, LAND HOME prays for judgment as fully set forth below.

### PRAYER

WHEREFORE, Plaintiff LAND HOME prays for judgment against DBI DEFENDANTS, and each of the Doe Defendants, as follows:

1.     For judgment in Plaintiff's favor and against DBI DEFENDANTS, and each of them;

2.     For an order rescinding the Assignment and compelling the DBI DEFENDANTS, and each of them, to pay to LAND HOME, the $250,000 it invested, plus attorneys' fees, costs and interest as allowed by law.

3.     For an accounting;

4.     For imposition of a constructive trust;

5.     For general and special damages in an amount to be proven at trial;

6.     For prejudgment interest on said damages;

7.     For costs of suit and attorney's fees as allowed by law; and

8.     For any other relief that the Court may deem just and proper.

Dated:  January 19, 2018                    BOWLES & VERNA LLP


By: */S/ Ethan K. Friedman*
ETHAN K. FRIEDMAN
Attorneys for Plaintiff
LAND HOME FINANCIAL SERVICES, INC.

1

## **DEMAND FOR JURY TRIAL**

2   LAND HOME hereby demands a trial by jury as provided by Federal Rules of Civil Procedure

3   Rule 38(a).

4   Dated:  January 19, 2018                                BOWLES & VERNA LLP

5

6

7                                                 By: */S/ Ethan K. Friedman*
                                                      ETHAN K. FRIEDMAN
8                                                     Attorneys for Plaintiff
                                                      LAND HOME FINANCIAL SERVICES,
9                                                     INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

COMPLAINT