UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAND HOME FINANCIAL SERVICES INC., <br><br> Plaintiff, <br><br> v. <br><br> DBI COINVESTOR FUND VIII, LLC, et al., <br><br> Defendants. | Case No.18-cv-00425-HSG <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> Re: Dkt. No. 16 |

Pending before the Court is a motion to dismiss by DBI Coinvestor Fund VIII, LLC; Dreambuilder Investments, LLC; Peter Andrews; and Gregory Palmer (collectively referred to as "Defendants"). Dkt. No. 16 ("Mot."). For the reasons set forth below, the Court **GRANTS** Defendants' motion.[1]

**I.  DISCUSSION**

Plaintiff Land Home Financial Services, Inc. filed the Complaint on January 19, 2018. *See* Dkt. No. 1 ("Compl."). It asserts that this Court has subject matter jurisdiction based on diversity of citizenship. *Id.* ¶ 9. As relevant here, Plaintiff alleges that it is a California corporation with its principal place of business in California, and that former Defendant Robert Knohl ("Knohl") "was[] an individual residing in, and doing business throughout the State of California." *Id.* ¶¶ 1, 7. Defendant contends that the Court lacks subject matter jurisdiction and should dismiss the action. *See* Mot. at 3. The Court agrees.

A defendant may move for dismissal on the ground that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). It is the plaintiff's burden to establish subject matter

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

jurisdiction. *See Ass'n of Am. Med. Colls. v. U.S.*, 217 F.3d 770, 778-79 (9th Cir. 2000); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-78 (1994). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* A factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

"[T]o bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001); *see also* 28 U.S.C. § 1332(a). One claim against one non-diverse defendant violates this requirement and is sufficient to destroy diversity jurisdiction. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998). Furthermore, "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989) (citation omitted). "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (citation and internal quotation marks omitted).

Here, Plaintiff—a California corporation—brought claims of fraudulent inducement and constructive trust against Knohl, a California citizen. *See* Compl. ¶¶ 1, 7, 55-62. As such, complete diversity was plainly lacking when Plaintiff filed this action. *See Schacht*, 524 U.S. at 389. After Defendants moved to dismiss the Complaint under Rule 12(b)(1), however, Plaintiff voluntarily dismissed Knohl, *see* Dkt. No. 22, in an apparent attempt to cure the jurisdictional defect, *see* Dkt. No. 23. The Court, however, must determine whether subject jurisdiction existed at the time the Complaint was filed. *See Newman-Green*, 490 U.S. at 830. In this case, it did not, and Plaintiff's three-paragraph opposition cites nothing beyond one out-of-circuit district court case from 1978 and a practice guide in support of its apparent claim that a litigant can use Rule 41(a) to create diversity jurisdiction after filing by voluntarily dismissing a non-diverse party. *See* Dkt. No. 23.

1   Accordingly, the Court will not assume Plaintiff's burden of establishing subject matter

2   jurisdiction given the utter sparseness of the opposition brief. *See Ass'n of Am. Med. Colls.*, 217

3   F.3d at 778-79; *Kokkonen v*, 511 U.S. at 376-78. Because Plaintiff—a California resident—

4   named another California resident as a defendant, diversity "jurisdiction [was] lacking at the

5   outset" of this action, leaving this Court with "no power to do anything with the case except

6   dismiss." *See Morongo Band of Mission Indians*, 858 F.2d at 1380.[2]

## II. CONCLUSION

For the foregoing reasons, Defendants' motion is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to enter judgment in favor of Defendants and close the case.

**IT IS SO ORDERED.**

Dated: 5/30/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] The Court also agrees with Defendant's contention that there is no basis for federal question jurisdiction. *See* Mot. at 4. While district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, such jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff does not plead the existence of federal question jurisdiction, and its causes of action plainly arise under state law. *See* Compl. ¶¶ 32-62 (alleging breach of contract, accounting, breach of fiduciary duty, rescission, fraudulent inducement, constructive trust, and declaratory judgment). Moreover, while Plaintiff presumably seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, the act "does not confer arising under jurisdiction." *See Cal. Shock Trauma Air Rescue v. State Compensation Ins. Fund*, 636 F.3d 538, 543 (9th Cir. 2011) (citing *Skelly Oil Co. v. Philips Petroleum Co.*, 339 U.S. 667, 671 (1950)).